07 CIV 7329

JUDGE STEIN




Burton S. Ehrlich (2634)
John P. Luther (JL 9588)
Amanda M. Roach (AR 4758)
LADAS & PARRY LLP
224 South Michigan Ave., Suite 1600
Chicago, Illinois 60604
Tel.: (312) 427-1300
Fax: (312) 427-6663

Edward P. Kelly (EK 8340)
TIAJOLOFF & KELLY
The Chrysler Building – 37th Floor
405 Lexington Avenue
New York, New York 10174
Tel.: (212) 490-3285
Fax: (212) 490-3295
Attorneys for CPFilms, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CPFILMS INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br>EDWARD SADLOWSKI d/b/a SOLAR LUNAR PERFORMANCE FILM and/or LUNAR SOLAR FILM, an INDIVIDUAL,<br><br>Defendant. | Civil Action<br>Index No.:<br><br>Complaint<br><br>Plaintiff Demands Trial By Jury |

## COMPLAINT

CPFilms Inc. (hereinafter "CPFilms") ("Plaintiff"), by and through their undersigned attorneys Ladas & Parry LLP allege as follows:

## PARTIES

1. The Plaintiff, CPFilms, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4210 The Great Road, Fieldale, Virginia, United States of America, 24115.

2. The Defendant Edward Sadlowski, d/b/a Solar Lunar Performance Film and/or Lunar Solar Film ("hereinafter "Defendant"), an individual, has an address at 120 Daffodil Ave, Franklin Square, New York, New York, 11010.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action on the following bases:

a. Under 28 U.S.C. § 1331, Federal Question, since this action involves questions arising under 15 U.S.C. § 1114, 15 U.S.C. § 1116, 15 U.S.C. § 1117, 15 U.S.C. §§ 1125 (a), (c) and (d);

b. Under 28 U.S.C. § 1338 (a) since this action arises under 15 U.S.C. §§ 1051 et seq.; an act of Congress relating to trademarks; and

d. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction, and 28 U.S.C. § 1338 (b) since this action alleges state law violations which are joined with substantial and related claims under the trademark laws of the United States.

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 (b)(2) and (c), since a substantial part of the events giving rise to Plaintiff' claims occurred in the Southern District of New York and Defendant is subject to personal jurisdiction in the Southern District of New York.

## NATURE OF THE ACTION

5. This action is for federal trademark infringement, dilution and unfair competition involving claims arising under the Trademark Act of the United States,

commonly known as the Lanham Act, 15 U.S.C. §§ 1051 et seq., for cybersquatting under 15 U.S.C. § 1125 (d), and for substantial and related claims under New York State and the Common Law.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff CPFilms designs, manufactures and sells solar control and safety window film for both automotive and building applications. CPFilms continuously invests in machinery technology and the skills and training of employees to keep it at the forefront of the window film industry. CPFilms is a wholly owned subsidiary of Solutia Inc., and has operated as a subsidiary of Solutia since 1999.

7. CPFilms is the world's largest manufacturer of window film and the largest selling brand of window film in the United States. CPFilms currently dedicates over 700,000 square feet of manufacturing space toward the production and enhancement of its polyester films and has the ability to produce a complete line of solar and security window films in-house. CPFilms' production capabilities include color dyeing, sputtering, metallizing, solution coating, laminating and slitting.

8. **LLUMAR** brand film is one of CPFilms' preeminent window film product lines. This film is a micro-thin, high-performance film which is professionally applied to glass in order to improve its performance characteristics and reduce energy usage (e.g., through cooling). Depending on the selection of film, **LLUMAR** brand film can decrease from 12 to 93% of incoming light propagating through the film, up to 99.9% of ultraviolet light and 79% of incoming solar energy. **LLUMAR** brand film can address a variety of problems associated with windows, including excessive heat gain, glare, interior fading, aesthetics, safety, security, graffiti and glass decoration.

9. CPFilms holds the rights in the United States trademark registration for the mark **LLUMAR** including Registration No. 1,089,700, which registration issued on the Principal Register almost three decades ago on April 18, 1978. This registration is in full force and effect and has long since achieved "incontestable" registration status. (See Exhibit No. 1.)

10. For over three decades CPFilms has spent substantial sums in advertising and promoting its trademark **LLUMAR**, in conjunction with its **LLUMAR** branded

products and services throughout the United States and in foreign commerce, and has achieved billions of dollars in sales for its products in conjunction with its well known, famous and distinctive name and mark **LLUMAR**. Exhibits 2 - 8 are examples of CPFilms' uses for its trademark **LLUMAR** in conjunction with its **LLUMAR** branded products and services.

11. By reason of CPFilms' extensive promotion and sale of its highly regarded products and systems, CPFilms' trademark **LLUMAR** has acquired very valuable good will, enormous recognition and renown in the relevant trade, and the relevant trade and the consuming public have come to recognize the name and trademark **LLUMAR** as signifying CPFilms; CPFilms' trademark **LLUMAR** is well known to the consuming public and the trade as identifying and distinguishing CPFilms as the exclusive and unique source of products and services that are used in connection with the **LLUMAR** trademark.

**THE DEFENDANTS' UNAUTHORIZED USE OF ITS INFRINGING MARKS**
**LUNAR AND LUNAR SOLAR FILM**

12. CPFilms has not authorized Defendant to use in any way its **LLUMAR** trademark.

13. Notwithstanding CPFilms well-known and prior established rights in its trademark **LLUMAR**, Defendant has commenced, without authorization, using substantially identical designations, names and marks, specifically the names, designations and marks **LUNAR** and **LUNAR SOLAR FILM** in the advertising, distribution and sale of Defendant's automotive window film products and services in commerce.

14. Based on information and belief, those products and services are advertised, sold or offered for sale, or distributed, in the same or substantially the same, or similar channels of trade to, on information and belief, the same or similar prospective purchasers as those of CPFilms' film products and services sold under CPFilms' **LLUMAR** trademark. **LUNAR** and **LUNAR SOLAR FILM** are confusingly similar overall to CPFilms' LLUMAR marks, names and designations. They are similar

phonetically in sound as well as in appearance. Further, Complaint Exhibits No. 9 - 14, on information and belief, show the Defendant's use of its infringing marks **LUNAR** and **LUNAR SOLAR FILM** in conjunction with automotive window film.

15. The Defendant's unauthorized use of the infringing **LUNAR** and **LUNAR SOLAR FILM** name and marks in promoting the sale and/or distribution of Defendant's products and services is likely to cause confusion, mistake or deception, of a not insignificant number of purchasers and prospective purchasers, into believing that there is some affiliation, association or common source of sponsorship with CPFilms' mark **LLUMAR**, or with CPFilms' film products and/or services.

16. Defendant has adopted and is using the marks **LUNAR** and **LUNAR SOLAR FILM**, on information and belief, in commerce in association with the distribution, promotion, advertising and sale to the consuming public and trade of related types of products to those offered by the CPFilms under its trademark **LLUMAR**.

17. Upon information and belief, Defendant holds himself out as having many years' experience in the window films installation industry. The Defendant was aware of the **LLUMAR** brand of window films when Defendant adopted its **LUNAR** and **LUNAR SOLAR FILM** mark, name and designations.

18. Upon information and belief, the marks **LUNAR** and **LUNAR SOLAR FILM** were selected by Defendant to approximate the **LLUMAR** name and mark. Defendant selected and adopted these designations for use with the knowledge that Defendant would thereby likely benefit from the established brand, reputation and goodwill in the **LLUMAR** brand of CPFilms.

19. Persons familiar with CPFilms' trademark **LLUMAR** and the business of CPFilms and/or CPFilms' advertising are likely to be confused, mistaken and/or to be deceived upon seeing Defendant's use of the marks **LUNAR** and **LUNAR SOLAR FILM,** or that Defendant's business is endorsed by, sponsored by, or emanates from, or in some way is connected with CPFilms or CPFilms' business or with CPFilms' trademark **LLUMAR**.

20. Defendant has, on information and belief, intentionally and willfully attempted to trade upon the recognition and appropriate goodwill of CPFilms and CPFilms' **LLUMAR** trademark.

21. As a result of the Defendant's unfair and infringing acts or misappropriations, Plaintiff have been irreparably damaged and unless Defendant's infringing activities are enjoined, the Plaintiff will continue to suffer irreparable injury and harm to their property and goodwill.

22. Certain products designed or intended for sale under Defendant's use of the marks **LUNAR** and **LUNAR SOLAR FILM** and under CPFilms' mark **LLUMAR**, on information and belief, move through the same or similar channels of trade or are promoted to the same classes of prospective purchasers, or to the same prospective purchasers.

23. Defendant's use of the marks LUNAR and LUNAR SOLAR FILM will result in damage and in the diminishment of sales and the loss of the value of CPFilms' mark **LLUMAR**.

24. Upon information and belief, Defendant, with knowledge of CPFilms' trademark **LLUMAR** and in willful disregard of CPFilms' rights and Plaintiff' rights, is engaging in the deliberate course of conduct designed to appropriate the goodwill associated with CPFilms' trademark **LLUMAR**, the Defendant began to offer in the U.S. products or services in association with the name and marks **LUNAR** and **LUNAR SOLAR FILM** at a time long after CPFilms' trademark **LLUMAR** had become famous and a well-known trademark.

25. Defendant's use of the mark or name that is confusingly similar to CPFilms' trademark **LLUMAR** will irreparably harm CPFilms and Plaintiff by diminishing the reputation and goodwill of CPFilms' mark. The public association of the trademark **LLUMAR** with CPFilms' window film and services is so great that the use by another of the marks **LUNAR** and **LUNAR SOLAR FILM** for window film and services will inevitably cause the trade or consumers to believe that it is produced, authorized, licensed, or sponsored by CPFilms or that it is somehow connected with CPFilms.

26. CPFilms will be unable to control and police the nature and quality of goods sold by Defendant under or with the marks **LUNAR** and **LUNAR SOLAR FILM**. The sale by Defendant of products or services under or with the marks **LUNAR** and **LUNAR SOLAR FILM** will also blur and diminish the distinctive quality of the CPFilms'

trademark **LLUMAR** and lessen its capacity to identify and distinguish the products and services of CPFilms.

27. The terminology "solar film" is generic and non-distinctive in connection with window film that protects from solar rays, such as products marketed by the Defendant under the designations **LUNAR** and **LUNAR SOLAR FILM**. The generic terminology "solar film" does not have any distinctive capacity in connection with goods or services directed to such window film. Additionally, the Defendant uses on its packaging and its website a word and design form of **LUNAR SOLAR FILM** in which the term **LUNAR** is in larger size type and visually predominates over the wording **SOLAR FILM**, which appears below the word **LUNAR** and the design. The pre-dominant term in the combination **LUNAR SOLAR FILM** is the term **LUNAR**.

28. Upon information and belief, Defendant has registered the domain name **lunarsolarfilm.com** and he is using this domain name in connection with his website at **www.lunarsolarfilm.com**, which is confusingly similar to CPFilms' **LLUMAR** trademark ("infringing domain name"), and its popular **www.llumar.com** website and llumar.com domain name. The predominant part of the Defendant's domain is the term **LUNAR**.

29. Upon information and belief, Defendant has used, and is using, the infringing domain name, **www.lunarsolarfilm.com**, to divert for commercial gain Internet users searching for CPFilms' **LLUMAR** mark and products sold under CPFilms' **LLUMAR** mark and promoted in connection with its **www.llumar.com** website and those distributing and promoted LLUMAR brand product on the Internet.

30. Upon information and belief, Defendant hosts a website at the infringing domain name, **www.lunarsolarfilm.com**, which promotes closely related goods and services, including automotive tinted window film and related products and services. Defendant's website promotes these products on its websites as lower-priced substitutes for other window film. Printouts from the website of the infringing domain name, **www.lunarsolarfilm.com**, are attached to this Complaint as Exhibit 18. See also, for example, Exhibits 20 and 22.

31. The letter "M" lies adjacent to the letter "N" on the standard QWERTY keyboard. The substitution of the letters M and N are common typographical errors, and the two letters are similar in appearance as well as sound. Another common

typographical error is the omission of one of two double letters, such as the double L that begins the **LLUMAR** mark, name and domain, which is commonly pronounced as if it began with one L. **LUNAR** and **LLUMAR** are similar in size.

32. Defendant's unauthorized registration and/or use of the infringing domain name, **www.lunarsolarfilm.com** is likely to cause confusion, mistake, and deception as to the source or origin of the infringing domain name, and is likely to falsely suggest a sponsorship, connection, license, or association of defendants, and the infringing domain name, **www.lunarsolarfilm.com**, with CPFilms.

33. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and CPFilms' long used and long-federally registered **LLUMAR** trademark.

34. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake and deception.

**COUNT I**

**(Federal Trademark Infringement)**

35. Plaintiff reallege and incorporate herein by this reference the allegations contained in paragraphs 1 through 34 hereof as if set forth in full.

36. Defendant's unauthorized use in commerce of the marks **LUNAR** and **LUNAR SOLAR FILM** with respect to products and services including its automotive film is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of CPFilms' registered trademark pursuant to 15 U.S.C. §§ 1114.

37. Defendant has used and is continuing to use the marks **LUNAR** and **LUNAR SOLAR FILM** with full knowledge of CPFilms' prior and extensive rights in the trademark **LLUMAR**, and with an intent and purpose to trade upon the goodwill of CPFilms' trademark **LLUMAR**. The Defendant's infringement is thus willful and deliberate.

**COUNT II**

**(Unfair Competition Under Federal Law)**

38. Plaintiff reallege and incorporate herein by this reference the allegations contained in paragraphs 1 through 37 of this Complaint as if set forth in full.

39. Defendant's unauthorized use in commerce of the marks **LUNAR** and **LUNAR SOLAR FILM** constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant's goods and/or services are made or produced or offered by CPFilms, or Plaintiff, or are otherwise affiliated, connected, or associated with, or sponsored or approved by CPFilms or Plaintiff and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125 (a).

40. Defendant's use in commerce of the marks **LUNAR** and **LUNAR SOLAR FILM** in connection with Defendant's marketing, distribution, promotion and sale to the consuming public of products constitutes a misappropriation of distinguishing and identifying features which CPFilms created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendant, based on and derived from CPFilms' trademark **LLUMAR** and the goodwill associated therein.

41. Defendant's use of the marks **LUNAR** and **LUNAR SOLAR FILM** constitutes false representations that Defendant has some connection or association with, or sponsorship by CPFilms or Plaintiff, and that the products identified with CPFilms, or Plaintiff are available from Defendant.

42. Said actions of Defendant constitutes violations of 15 U.S.C. § 1125 (a) in that such false designation and representations or origin and quality are used on or in connection with the services and products that Defendant causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

43. Defendant has used and is continuing to use the marks **LUNAR** and **LUNAR SOLAR FILM** with full knowledge of CPFilms' **LLUMAR** trademark rights, and therefore with an intent and purpose to benefit from and trade upon the goodwill of CPFilms' trademark **LLUMAR**. Defendant's infringement is thus willful and deliberate.

**COUNT III**

**(Dilution Under Federal Law)**

44. Plaintiff reallege and incorporate herein by this reference the allegations contained in paragraphs 1 through 43 hereof as if set forth in full.

45. The use by Defendant of the marks **LUNAR** and **LUNAR SOLAR FILM**, alone or in combination with other words or symbols, will dilute, or is likely to dilute, the distinctive quality of CPFilms' exceptionally well-known, famous and distinctive trademark LLUMAR, and therefore constitutes federal trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §§ 1125 (c), as amended by the Federal Trademark Dilution Act of 1995.

46. Defendant has used and continues to use the marks **LUNAR** and **LUNAR SOLAR FILM** with full knowledge of CPFilms' long prior rights and fame of the trademark **LLUMAR**, and, based upon information and belief, is with a deliberate intent and purpose to trade upon the goodwill of CPFilms' trademark **LLUMAR** or to dilute the distinctive quality thereof, blur and diminish the distinctive quality of the CPFilms' **LLUMAR** trademark and lessen its capacity to identify and distinguish the products and services of CPFilms and Plaintiff.

**COUNT IV**

**(Cybersquatting on the LLUMAR mark under 15. U.S.C. §1125 (d))**

47. Plaintiff reallege and incorporate by reference the allegations contained in paragraphs 1 through 46 hereof as though fully set forth in full.

48. Upon information and belief, Defendant registered, and Defendant trafficked in, or used the infringing domain name, **lunarsolarfilm.com**.

49. CPFilms' **LLUMAR** trademark was distinctive and federally registered at the United States Patent and Trademark Office at the time Defendant registered and Defendant use of used the infringing domain name **lunarsolarfilm.com**.

50. The infringing domain name **www.lunarsolarfilm.com** is confusingly similar to CPFilms' **LLUMAR** name and trademark, and registered domain name **llumar.com**.

51. Upon information and belief Defendant registered, and Defendant trafficked in, or used the infringing domain name, **lunarsolarfilm.com** in bad faith and

with the intent to profit from the goodwill long established by CPFilms in its **LLUMAR** trademark.

52. Upon information and belief, Defendant was aware of Plaintiff's website at www.llumar.com when it registered and began use of the domain name **lunarsolarfilm.com.**

53. Defendant does not have any valid, bona fide lawful rights to register, use or traffic in the infringing domain name **lunarsolarfilm.com**.

54. Upon information and belief, Defendant registered and Defendant has used, and is using, the infringing domain name **www.lunarsolarfilm.com** to divert consumers from CPFilms' **www.llumar.com** website, or those looking for genuine **LLUMAR** brand film, to its own website accessible under the infringing domain name for Defendant's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement thereof.

55. Upon information and belief, Defendant has offered for sale or otherwise attempted to sell, transfer or assign to Plaintiff its infringing domain name, **www.lunarsolarfilm.com** for a sum of approximately eight thousand dollars ($8,000.00), to improperly benefit from the Plaintiff's **LLUMAR** name and mark.

56. Upon information and belief, Defendant registered the infringing domain name **www.lunarsolarfilm.com** which Defendant knew was identical or confusingly similar to marks of others that are distinctive at the time of the registration of the confusingly similar domain name **www.lunarsolarfilm.com**.

57. Defendant's registration, and Defendant's trafficking in, and/or use of the infringing domain name **lunarsolarfilm.com** constitutes cybersquatting in violation of 15 U.S.C. § 1125 (d), entitling Plaintiff to relief.

## COUNT V

### Common Law Trademark Infringement

58. Plaintiff reallege and incorporate by reference the allegations contained in paragraphs 1 through 57 hereof as though fully set forth in full.

59. By reason of the foregoing, the Defendant has engaged, and is continuing to engage, in acts of trademark infringement in violation of the common law.

60. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury to CPFilms, and Plaintiff, for which Plaintiff have no adequate remedy at law.

61. Such conduct on the part of the Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT VI

### Common Law Unfair Competition

62. Plaintiff reallege and incorporate by reference the allegations contained in paragraphs 1 through 61 hereof as though fully set forth in full.

63. By reason of the foregoing, the Defendant has engaged, and is continuing to engage, in acts of unfair competition in violation of the common law.

64. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to CPFilms, and Plaintiff, for which Plaintiff have no adequate remedy at law.

65. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT VII

### N.Y. General Business Law § 360-1

66. Plaintiff reallege and incorporate by reference the allegations contained in paragraphs 1 through 65 hereof as though fully set forth in full.

67. Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of CPFilms, and to dilute the distinctive quality of its **LLUMAR** trademark and all rights held there under, in violation of the General Business Law of the State of New York.

68. Such conduct on the part of Defendant by reason of the foregoing, the Defendant has violated and is continuing to violate Section 360-1 of the New York General Business Law.

69. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury to CPFilms, and Plaintiff for which Plaintiff have no adequate remedy at law.

70. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT VIII

## N.Y. General Business Law § 349

71. Plaintiff reallege and incorporate by reference the allegations contained in paragraphs 1 through 70 hereof as though fully set forth in full.

72. The Defendant's activities constitute deceptive acts and practices in the conduct of their businesses, in violation of Section 349 of the General Business Law of the State of New York.

73. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury to CPFilms, and Plaintiff, for which Plaintiff have no adequate remedy at law.

74. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## JURY DEMAND

Plaintiff demands trial by jury on all of the claims of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment as follows:

1. That Defendant, its directors, officers, agents and employees, successors and assigns and all others acting in knowing concert or participation with them, be jointly and severally preliminarily and then permanently restrained and enjoined from directly or indirectly:

a. marketing, advertising, displaying, selling or distributing automotive film, or window film or any film or any other related products or services in association with the marks **LUNAR** and **LUNAR SOLAR FILM**, any mark, name or designation of source that includes the similar term **LUNAR,** or any confusingly similar mark, alone or in combination with any word, design or name, or any other mark, , likely to cause confusion, mistake or deception with CPFilms' mark **LLUMAR**;

b. otherwise infringing the CPFilms' marks, including the trademark **LLUMAR**;

c. engaging in any other or further acts of unfair competition against CPFilms and Plaintiff;

d. using any trademark or trade name which will be likely to dilute the distinctive quality of CPFilms' trademark **LLUMAR** or tarnish the business reputation of CPFilms;

e. engaging in any deceptive trade practices in the offering of goods or services under the designations **LUNAR** and **LUNAR SOLAR FILM** or any other variation or simulation of the name and mark **LLUMAR**;

f. engaging in any deceptive business practice in the offering of goods or services under the designations **LUNAR** and **LUNAR SOLAR FILM** or any other variations or simulations of CPFilms' trademark **LLUMAR**; and

g. be ordered to abandon any trademark applications filed for the marks **LUNAR** and **LUNAR SOLAR FILM** and ay confusingly similar variations thereof.

2. That Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements or other materials in its possession or custody and control which are within the United States of America, its territories and possessions, which display the marks **LUNAR** and **LUNAR SOLAR FILM** and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

3. That Plaintiff be awarded the profits secured by Defendant as a result of its unlawful activities, and that said award be trebled as provided by law or in the alternative that Plaintiff be awarded statutory damages in an amount determined by the Court for willful use of an infringing mark; by reason of Defendant's acts alleged herein,

Plaintiff are entitled to recover Defendant's profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, for domain name infringement.

4. That Defendant be required to forfeit, transfer and assign to Plaintiff the **lunarsolarfilm.com** domain and any other domain names including the term LUNAR, whether alone or in combination, or any confusingly similar designation.

5. That Plaintiff be awarded punitive damages in such amount as the court shall find sufficient to deter Defendant's willful unlawful conduct.

6. That Plaintiff be awarded their costs incurred in this action, including their reasonable attorneys' fees.

7. That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

8. That Plaintiff have such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

By: [signature]
One of Plaintiff's Attorneys
Edward P. Kelly (EK 8340)
Tiajoloff and Kelly
405 Lexington Avenue
New York, NY 10174
(212) 490-3285

Burton S. Ehrlich (BE 2634)
John P. Luther (JL 9588)
Amanda Roach (AR 4758)
Ladas & Parry LLP (AR 4758)
224 South Michigan Avenue
Suite 1600
Chicago, Illinois
(312) 427-1300

JEM/CPFilms LLUMAR COMPLAINT doc/15



1593602

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

April 04, 2007

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,089,700* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *April 18, 1978*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM *April 18, 1998*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
*CPFILMS INC.*
*A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. BASSFORD
Certifying Officer



EXHIBIT
1

Int. Cl.: 17

Prior U.S. Cl.: 1

Reg. No. 1,089,700

United States Patent Office

Registered Apr. 18, 1978

# TRADEMARK
Principal Register

## LLUMAR

Martin Processing, Inc. (Delaware corporation)
P.O. Box 5068
Martinsville, Va. 24112

For: WEATHERIZED POLYESTER FILM, in CLASS 17 (U.S. CL. 1).
First use July 14, 1977; in commerce July 14, 1977.

Ser. No. 137,983, filed Aug. 18, 1977.

B. C. WASHINGTON, Examiner



Enjoy your LLumar, but show a little restraint.

- Reduces solar heat
- Minimizes glare
- Does not interfere with automotive electronic systems
- Up to 99.9% ultraviolet rejection
- Helps protect from shattered glass fragments
- Color-stable film will not turn purple
- Creates privacy for you and your valuables
- Compatible with factory tint
- Stylish appearance
- Durable scratch-resistant surface




(800) 255-8627
www.llumar.com



# Different people, different tastes...



## one name.

From protection to personal style, **LLumar Window Film** offers the variety and quality to meet anyone's individual glass tinting needs.

**reduces incoming solar heat**

**minimizes glare**

**works well with automotive electronic systems**

**up to 99.9% ultraviolet rejection**

**helps protect from shattered glass fragments**

**color-stable film will not turn purple**

**creates privacy for you and your valuables**

**compatible with factory tint**

**stylish appearance**

**durable scratch-resistant surface**

color-stable warranty




LLumar Window Film is manufactured by CPFilms Inc., the largest manufacturer of window film in the world and is the only window film on the market that contains an ultraviolet absorbing film layer (a technology originally patented by the company) in all of its solar film products. For the most comprehensive selection of performance characteristics and stylish shades, LLUMAR is the only choice.

www.LLumar.com • (800) 255-8627

LLumar® and LLumaStar® are registered trademarks of CPFilms Inc. P.O. Box 5068 • Martinsville, VA 24115 ©2004 CPFilms Inc.

EXHIBIT 3




automotive
commercial
enhancements
paint protection
residential
LLumar®
1st in Glass Treatment Films
• unparalleled dealer support
• marketing programs that sell film
• huge stock of film: over 300 SKUs
• expert field technical support
• extensive dealer's technical website
• national consumer advertising program
• hands-on professional training programs
• computerized cutting systems
• personal attention
To request more information:
1-800-2LLUMAR
http://www.llumar.com
EXHIBIT
4

With 100 unique films to choose from, one is right for you.

When it comes to selecting the proper window film for your vehicle, the market is vast. But you want more than options. You want the right option.

Evaluate using these three criteria:

Appearance

Protection

Guaranteed Quality

Read on to find out why LLumar Automotive Films are the best choice for your vehicle.

## More about LLumar

LLumar offers a complete line of high-performance films to protect and improve your home, business or vehicle. With the only comprehensive technical service and application in the industry, the appearance and durability of LLumar products is unmatched. This, along with a reputation for quality and innovation, has made it the best-selling brand in the world.




Proudly installed by:

(800) 255-8627

LLumar.com




Most vehicles come from the manufacturer with some degree of tinting on the windows. Thus, it is important to realize that the application of window film will result in somewhat lower light transmission (VLT) than if the film were applied to completely clear glass.

Automotive tinting laws vary from state to state. Check with your LLumar dealer to ensure that the tinting you purchase is in compliance with the laws of your state.

LLumar® is a registered trademark of CPFILMS Inc. P.O. Box 5088 Martinsville, VA 24115

©2007 CPFILMS INC. L1702

# AUTOMOTIVE FILMS





# LLumar is the world's leading automotive film. Here's why:

## Appearance

Look cool and feel even cooler with custom-tinted windows featuring superior-quality LLumar Window Film. Experience:

- Color-stable film that never turns purple
- Absolutely no unsightly bubbling or peeling
- Wide selection of color tints and shade choices
- Compatible with factory tints
- Durable scratch-resistant surfaces

## Protection

Style is certainly important. But LLumar films offer practical applications as well—such as safety and security. You'll appreciate:

- Up to 99% ultraviolet protection
- A reduction in solar heat by rejecting up to 55% of energy
- Added privacy for you and your valuables
- A noticeable decrease in glare—up to 90%
- The limited fragmentation of shattered glass



## Guaranteed Quality

To ensure lasting quality, all LLumar Window Films are professionally installed by highly trained technicians. Using proprietary PrecisionCut™ technology, each LLumar Window Film pattern is computer-generated and trimmed precisely to factory specifications, ensuring a perfect fit. And our LLumar HPR adhesive is known worldwide for its strength, durability and optical clarity.

In addition, the LLumar Color-Stable warranty guarantees the LLumarStar® technology will keep your window film from changing color, bubbling, cracking, peeling or demetallizing for as long as you own your vehicle.

This quality and attention to detail will give you the confidence that you've made the best choice—from mile one.

# Other LLumar products

## LLumar® Axcess™



Traditional automotive window films containing metallic or ceramic layers can interfere with the operation of everyday electronic devices. LLumar Axcess is a revolutionary breed of film that delivers outstanding heat/UV protection and comfort without sacrificing connectivity or risking signal interruption.

## LLumar Paint Protection Film

This film preserves your vehicle's good looks without changing its appearance. As the most optically clear paint protection film in the industry, LLumar Paint Protection Film lets paint colors show true. All while creating an invisible shield that protects your vehicle's vulnerable areas against abrasions, nicks, and scratches from insects, small road debris, and winter sand and salt.

