UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CPFILMS INC. a
Delaware Corporation,

                        Plaintiff,         Index No.: 97 CIV 7329

   - against -

EDWARD SADLOWSKI d/b/a
SOLAR LUNAR PERFORMANCE          **ANSWER**
FILM and/or LUNAR SOLAR FILM,
an INDIVIDUAL,

                        Defendant.
------------------------------------------------------------------------x

      The Defendant, Edward Sadlowski, answering the complaint of the Plaintiff alleges as follows:

      1.    Denies each and every allegation contained in paragraphs 3, 4, 5, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 32, 33 and 34.

      2.    Denies any knowledge sufficient to form a belief as to the allegations contained in paragraphs 6, 7, 8, 10 and 11.

      3.    Admits that part of allegations contained in paragraph 9, concerning the trademark registration under No. 1,089,700 and denies knowledge sufficient to form a belief as to the remainder of the allegations contained in said paragraph.

      4.    Denies each and every allegation contained in paragraph 28 except admits the Defendant is using the domain name of lunarsolarfilm.com.

      5.    Denies each and every allegation contained in paragraph 31 except admits that the letter "M" is adjacent to the letter "N" on the standard QWERTY Keyboard.

## AS TO THE ALLEGATIONS CONTAINED IN COUNT I, THE DEFENDANT ALLEGES AS FOLLOWS:

      6.    Denies and admits the allegations contained in paragraph 35, as previously admitted and denied.

7. Denies each and every allegation contained in paragraphs 36 and 37.

## AS TO THE ALLEGATIONS CONTAINED IN COUNT II, THE DEFENDANT ALLEGED AS FOLLOWS:

8. Denies and admits the allegation contained in paragraph 38, as previously admitted and denied.

9. Denies each and every allegation contained in paragraph 39, 40, 41, 42 and 43.

## AS TO THE ALLEGATIONS CONTAINED IN COUNT III, THE DEFENDANT ALLEGES AS FOLLOWS:

10. Admits and denies allegations contained in Paragraph 44 as previously admitted and denied.

11. Denies each and every allegation contained in paragraphs 45 and 46.

## AS TO THE ALLEGATIONS CONTAINED IN COUNT IV, THE DEFENDANT ALLEGES AS FOLLOWS:

12. Admits and denies the allegations contained in paragraph 47, as previously admitted and denied.

13. As to paragraph 48, the Defendant admits that he registered and used the domain name lunarsolarfilm.com and denies each and every other allegation contained therein.

14. Denies each and every allegation contained in paragraph 49, except admits that the trademark Llumar was registered in the US Public and Trademark Office.

15. Denies each and every allegation contained in paragraphs 50, 51, 52, 53, 54, 56 and 57.

16. Denies every allegation contained in paragraph 55, except admits that the Defendant offered to settle the domain name claim prior to the proceedings before the National Arbitration Forum for the sum of $8,500.00, the actual start up costs of its domain name.

### AS TO THE ALLEGATIONS CONTAINED IN COUNT V, THE DEFENDANT ALLEGES AS FOLLOWS:

17. Admits and denies the allegations contained in paragraph 58, as previously admitted and denied.

18. Denies each and every allegation contained in paragraphs 59, 60 and 61.

### AS TO THE ALLEGATIONS CONTAINED IN COUNT VI, THE DEFENDANT ALLEGES AS FOLLOWS:

19. Admits and denies each and every allegation contained in paragraph 62 as previously admitted and denied.

20. Denies each and every allegation contained in paragraphs 63, 64 and 65.

### AS TO THE ALLEGATIONS CONTAINED IN COUNT VII, THE DEFENDANT ALLEGES AS FOLLOWS:

21. Admits and denies each and every allegation contained in paragraph 66, as previously admitted and denied.

22. Denies the allegations contained in paragraphs 67, 68, 69 and 70.

### AS TO THE ALLEGATIONS CONTAINED IN COUNT VIII, THE DEFENDANT ALLEGES AS FOLLOWS:

23. Admits and denies each and every allegation contained in paragraph 71 as previously admitted and denied.

24. Denies the allegations contained in paragraphs 72, 73 and 74.

### AS AND FOR A FIRST SEPARATE AND COMPLETE DEFENSE THE DEFENDANT ALLEGES AS FOLLOWS:

25. The venue of this action is improper.

26. The Defendant's place of business is wholly within the venue of the Eastern District of New York to wit: 120 Daffodil Avenue, Franklin Square, NY 11010. The telephone numbers and addresses for the Defendant and its installers as shown on Plaintiff's Complaint Exhibits 14, 15, 16, 18, 19, 20, 21 and 22 are all within the jurisdiction of said Eastern District.

27. The Defendant has not conducted business within the Southern District of New York.

28. Neither the Plaintiff nor Defendant for venue purposes resides nor has its principal place of business in the Southern District of New York.

29. That the Plaintiff chose the Southern District of New York as the venue of this civil action solely for the convenience of its attorneys knowing full well that the proper venue is within the Eastern District of New York.

30. In the absence of any basis whatsoever for this case to be in the Southern District of New York it must be transferred to the Eastern District of New York where proper venue lies.

## AS AND FOR A SECOND SEPARATE AND COMPLETE DEFENSE THE DEFENDANT ALLEGES AS FOLLOWS:

31. That the Plaintiff commenced on its own initiative, proceedings in the National Arbitration Forum, under file #FA0612000861127, filing a complaint on December 5, 2006, demanding that the use of domain name lunarsolarfilm.com registered to the Defendant be transferred to the Plaintiff by the Defendant.

32. A response to the complaint was timely filed with said National Arbitration Forum and a decision was rendered by the panelist appointed by the Forum.

33. The complaint in the Arbitration alleges many of the same arguments, all of which were decided by the panelist in favor of the Defendant: to wit: "The panel finds that the disputed domain name is neither identical nor confusingly similar to the complainants' LLUMAR Marks".

34. A copy of said decision is annexed hereto as Defendant's Exhibit "A".

## AS AND FOR A FIRST COUNTERCLAIM TO THE COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES AS FOLLOWS:

35.     This action is commenced by the Plaintiff knowing full well that it is frivolous and malicious in that the Plaintiff attests to being an extremely large corporation and is using its economic might and acting as an economic bully to stop competition from small competitors similar to the Defendant thereby creating a monopoly and cornering the market in which the Plaintiff and Defendant earn income.

36.     That as a result of the activities of the Plaintiff, Defendant has been and will be damaged in the amount not determinable at this time and the extent of its damages should be determined by the jury, including but not limited to punitive damages and or treble damages and reasonable attorney's fees.

## AS AND FOR A SECOND COUNTERCLAIM TO THE COMPLAINT OF THE PLAINTIFF, THE DEFENDANT ALLEGES AS FOLLOWS:

37.     At all times hereinafter mentioned, Defendant is an individual who installs and sells window film used in the tinting of windows.

38.     At all times hereinafter mentioned, the Plaintiff was and still is a Delaware corporation with its principal office and place of business located in Fieldale, Virginia.

39.     Plaintiff is, and all the times hereinafter mentioned, was engaged in the business of, among other things, manufacturing and sale of window film used in the tinting of windows.

40.     Upon information and belief Plaintiff's parent company has annual sales in excess of $3 Billion.

41.     Upon information and belief, Plaintiff spends close to $4 million in advertising LLUMAR Window Films.

42.     The Defendant is, and at all times hereinafter mentioned, never manufactured window film and has a limited sale audience through the internet with miniscule sales in proportion to Plaintiff's sales.

43. Upon information and belief the Plaintiff brought this action in an attempt to unlawfully restrain Defendant from operating his business and for the purpose of injuring trade, commerce and business and to prevent Defendant from exercising its lawful trade and business.

44. Upon information and belief, Plaintiff's action was for the purpose of unlawfully interfering with the free exercise of Defendant's activity within the State of New York in the marketing and sale of window film, and the free pursuit in the State of New York by Defendant of his business which was restricted or prevented, in violation of the General Business Law of the State of New York, and in particular of Section 340 of that law.

45. Upon information and belief, the aforesaid acts of the Plaintiff were malicious, willful and unlawful and without just cause and were committed by the Plaintiff with the intent, purpose and object of preventing Defendant from exercising its lawful trade or business and for the purpose of interfering with Defendant's business and were injurious to trade or commerce and unlawfully interfered with the free exercise by Defendant of his marketing and sale of window film and the free pursuit in this State of its lawful business, and for the purpose of unlawfully and improperly eliminating the competition of Defendant.

46. Defendant has sustained great loss and damage by virtue of the said actions and combinations and acts of the Plaintiff as aforesaid; unless the Plaintiff is properly restrained the Defendant will be unlawfully restricted and prevented in and from the lawful exercise of his business and will be greatly injured therein; the Defendant will lose customers, patronage and trade and will be prevented and deterred from continuing and expanding and increasing its business and the Defendant is unable accurately to measure and state in full the amount of the injury which it has suffered by reason of the wrongful acts of the Plaintiff herein alleged.

47. By reason of the aforesaid acts of the Plaintiff, the Plaintiff is attempting to create a monopoly and will unlawfully create unfair competition; all in violation of the laws of the State of New

York, and in particularly in violation of Section 340 of the General Business Law, and the common law of the said state.

WHEREFORE, defendant demands judgment dismissing Plaintiff's complaint in its entirety and for judgment on its counterclaims and to pay to the Defendant the costs and disbursements of this action including reasonable attorneys fees and granting to the defendant such other and further relief as the this court may deem just and proper.

Dated:  Merrick, New York
        October 2, 2007

Yours, etc.

By _____s/_____
    Defendant's Attorney
    Charles B. Rosenblum, Esq.
    KROHN, ROSENBLUM & ROSENBLUM
    25 Merrick Avenue
    Merrick, NY  11566
    (516) 868-0809

TO: Burton S. Ehrlich, Esq. (BE2634)
    John P. Luther, Esq. (JL9588)
    Amanda Rooney, Esq. (AR4758)
    LADAS & PERRY (AR4758)
    224 South Michigan Avenue
    Suite 1600
    Chicago, IL
    312-427-1300

    Edward P. Kelly (EK8340)
    TIAJOLOFF & KELLY
    405 Lexington Avenue
    New York, NY  10124
    212-490-3285