USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/08

John P. Luther (JL 9588)
Amanda M. Roach (AR 4758)
Ladas & Parry LLP
224 S. Michigan Avenue, Suite 1600
Chicago, IL 60604
312-427-1300 (PH)
312-427-6663 (F)

Edward P. Kelly (8340)
Tiajoloff & Kelly
The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212-490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CPFILMS INC.<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SADLOWSKI, AN INDIVIDUAL D/B/A SOLAR LUNAR PERFORMANCE FILM, AND/OR LUNAR SOLAR FILM<br><br>Defendant. | 07 CV 7329<br><br>**CONSENT DECREE** |

This action having come before the Court on the pleadings and proceedings of record, it is now represented to the Court by the Parties that Plaintiff CPFilms Inc. (hereinafter "CPFilms") and Defendant Edward Sadlowski, d/b/a Solar Lunar Performance Film and/or Lunar Solar Film, an individual (hereinafter "Sadlowski"), with the desire to avoid this and further litigation, have reached agreement, without trial, adjudication or findings, of any issue of law or fact herein; for the entry of a Consent Decree and the dismissal of this Action. The parties hereby request that the Court execute and enter this Consent Decree and that this Consent Decree constitute a judgment binding on all parties to this Action. *upon consent of the parties SHS*

WHEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Sadlowski, his employees, agents, servants, successors, and associates, affiliates and all persons acting in active concert or participation with Sadlowski are hereby permanently enjoined and restrained on or after February 7, 2008 from:

    a. Marketing, advertising, displaying, installing, selling or distributing automotive film, or window film, or any window tinting, or plastic film, or any other related products or service, in association with the mark(s) LUNAR and LUNAR SOLAR FILM;

    b. Using as a mark, name or other designation of source the term LUNAR and/or LUNAR SOLAR FILM, or the name or mark LUNAR with any combination of words or phrases, or any confusingly similar mark, name or other designation of source identical or confusingly similar to CPFilms' LLUMAR mark or any colorable imitation thereof, whether alone or in combination, for any related product or service. Prior to the adoption by Sadlowski of any mark or name to be used in connection with the automotive window film business, Sadlowski shall advise CPFilms of such proposed name for CPFilms' prior approval consistent with the terms of the Consent Decree;

    c. Engaging in any deceptive trade practices in the offering of goods or services under the designations LUNAR and/or LUNAR SOLAR FILM, or the name or mark LUNAR with any combination of words or phrases, or any other confusingly similar variation or simulation of the name and mark LLUMAR;

    d. Engaging in any other or further acts of unfair competition against CPFilms; and

    e. Using, registering, transferring or associating with a website the infringing domain name lunarsolarfilm.com or any domain name incorporating CPFilms' LLUMAR mark on the Internet.

2. Sadlowski, his employees, agents, servants, successors, and associates, affiliates and all persons acting in active concert or participation with Sadlowski shall adhere to the following terms on or after January 7, 2008 ("the Effective Date"):

   a. Sadlowski shall phase out and destroy within thirty (30) days of the Effective Date of this Consent Decree all containers, packaging and advertising materials featuring the LUNAR name or such other containers, packaging and advertising materials as would otherwise be prohibited pursuant to this Consent Decree. Sadlowski shall certify to such destruction in writing. CPFilms shall, upon notice and consent not unreasonably withheld, have an opportunity to inspect Sadlowski's offices and any premises at which the containers, packaging, products, and advertising featuring the name LUNAR, and trade dress employing the name LUNAR, are developed, made, or stored during normal business hours within thirty (30) days following written certification by Sadlowski of destruction in compliance with this Consent Decree;

   b. Sadlowski shall promptly transfer and assign to Plaintiff the lunarsolarfilm.com domain and any other domain name(s) that features the term LUNAR, alone or in combination, or any confusingly similar designation to CPFilms' LLUMAR mark, within 30 days of the Effective Date of this Consent Decree; and

   c. Sadlowski shall abandon any trademark application filed for the marks LUNAR, LUNAR SOLAR FILM, and or the name or mark LUNAR with any combination of words or phrases, and any confusingly similar variations thereof within 20 days of the Effective Date of this Consent Decree;

3. Any notices required or communications made pursuant to or associated with this Agreement shall be sent via facsimile and overnight courier to Sadlowski:

to: Edward Sadlowski

120 Daffodil Avenue

Franklin Square

New York, NY 24115

    with a copy to: Charles B. Rosenblum

        Krohn Rosenblum & Rosenblum

        25 Merrick Avenue

        Merrick, New York 11566

        (Ph) 516-868-0809

        (Fx) 516-379-5020

4.    Upon compliance with paragraph 2 hereof, a Stipulation of Dismissal of the Complaint shall be filed and entered by the Court.

5.    At the request of and with the consent of the parties, this Court shall retain jurisdiction over this matter and the parties for the purpose of enforcement of the Consent Decree.

Dated: New York, New York

      January 7, 2008

                                    EDWARD SADLOWSKI d/b/a
                                    Lunar Solar Performance Film, and/or
                                    Lunar Solar Film, an individual

                                    By: _____
                                         Edward Sadlowski

CPFilms Inc.

By: _____

John P. Foryt
Chief Intellectual Property Counsel
Authorized to sign this document for
CPFilms Inc., Solutia Inc, and its
subsidiaries, by resolution dated
September 3, 1997 of the Board of
Directors and amended June 25, 2003.

Enter: 1/14/08

_____
UNITED STATES DISTRICT JUDGE

- 5 -